*641 MEMORANDUM BY THE COURT.
As to the claim of the plaintiff for additional pay for carrying the mail under the contract of February 27, 1909, it is only necessary to refer to the decision of this court in the case of Halstead v. United States, 55 C. C. 317, where it is held that the Postmaster General has exclusive jurisdiction to readjust the compensation of star-route and screen-wagon contractors under the act of August 24, 1912, 37 Stat. 558, establishing the Parcel Post System.
The plaintiff is not entitled to recover upon his claim that the contract was upon a flat-rate basis and not a mileage basis, and that he was entitled to be paid for service at the annual rate named regardless of the variation in the service required and regardless of the terms of the contract that the pay should be increased or decreased in accordance with the conditions of performance. The contract under which the service was undertaken provided specifically—
“ That for any increase or decrease in the service authorized, the pay of the contractor shall be increased or decreased, as the case may be, at the rate per mile of travel agreed to be paid for service under this contract as shown by the annual miles of travel based on the frequency and *642 distances shown in the schedule of service for said route in said advertisement.”
The contractor was paid monthly and received the pay without objection. The various orders of the department increasing or decreasing mileage were received by the contractor, and no objection was made by him. He is bound by contract, and it does not appear that the payments made to him were not just and strictly in accordance with the terms of the contract.
The petition is dismissed.